IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DERICK COLIN WILKINSON,<br><br>    Defendant. | Case No. 1:24-cr-00161<br><br>**UNITED STATES' NOTICE OF INTENT TO USE RULE 609(a)(1)(B) EVIDENCE** |

    The United States of America by and through Mac Schneider, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney, hereby provides notice, if the defendant chooses to testify at trial, the United States intends to impeach him with his prior felony convictions pursuant to Federal Rule of Evidence 609(a)(1)(B). Listed below are the felony convictions to which the defendant was found guilty at trial and through which United States intends to impeach the defendant:

> **Assault Resulting in Serious Bodily Injury and Assault with a Dangerous Weapon**, United States District Court for the District of North Dakota, Case Number 1:16-cr-123 (Doc. No. 67), dated April 17, 2017. **Class C Felonies**. The United States has previously filed the defendant's criminal judgment for these offenses at Doc. No. 14-1.

## LAW AND ARGUMENT

**Federal Rule of Evidence 609(a)(1)(B)**.

    Federal Rule of Evidence 609 permits a court to impeach a defendant with a felony conviction if the probative value of this conviction outweighs its prejudicial effect. Specifically, this rule states that a felony conviction "must be admitted" if the witness is

the defendant, unless "the probative value of the evidence outweighs its prejudicial effect." Fed.R.Evid. 609(a)(1)(B). However, Federal Rule of Evidence 609(b) limits the use of a defendant's felony conviction if more than ten years have passed since the defendant's conviction or release from confinement for it, whichever is later, unless the conviction's probative value substantially outweighs its prejudicial effect and the proponent gives the adverse party reasonable written notice of its intent to use this conviction. Fed.R.Evid. 609(b).

In the present case, if the defendant chooses to testify at trial, the United States intends to introduce and impeach the defendant with his 2017 federal felony convictions for **Assault Resulting in Serious Bodily Injury and Assault with a Dangerous Weapon** because their probative value outweighs their prejudicial effect. Since less than ten years have passed since the defendant received the convictions outlined above, Federal Rule of Evidence 609(b) does not apply.

A defendant's felony conviction is highly probative of his credibility "because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." United States v. Chauncey, 420 F.3d 864, 874 (8th Cir. 2005) citing Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993) (internal quotations omitted). Pursuant to Federal Rule of Evidence 609(a)(1)(B), the Eighth Circuit has repeatedly approved the use of felony convictions to impeach testifying defendants. See, e.g., United States v. El-Alamin, 574 F.3d 915, 926 (8th Cir. 2009); United States v. Jackson, 310 F.3d 1053, 1054 (8th Cir. 2002); United States v. DeVore, 839 F.2d 1330, 1333 (8th Cir. 1988); United States v.

Jackson, 696 F.2d 578, 589 (8th Cir. 1982); United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992); United States v. Crawford, 130 F.3d 1321, 1323 (8th Cir. 1997). In affirming the district court's decision to admit proof of prior convictions for impeachment of testifying defendants, the Eighth Circuit has acknowledged the value of prior convictions to attack credibility. The court has stated that the probative value of such impeachment evidence is particularly high where, as here, the jury will be asked to determine the credibility of competing government and defense testimony. See United States v. Headbird, 461 F.3d 1074, 1078 (8th Cir. 2006) (overruled on other grounds) (holding that "[c]redibility was a key factor in the jury's consideration of the case" because defense and government witnesses "presented contradictory testimony" on the only contested element of the offense).

      Other Eighth Circuit cases confirm the probative nature of prior convictions for impeachment purposes where credibility is a central issue. Crawford, 130 F.3d at 1323 (holding that "[c]redibility was at the heart of the jury's fact finding responsibility since possession was the critical issue. The probative value of the evidence was therefore significant"); DeVore, 839 F.2d at 1333 (stating that the "[defendant's] credibility as a witness was central to the jury's resolution"); Brown, 956 F.2d at 787 (noting that because the jury "had to choose between one version of the events presented by the government's witnesses and another version presented by defendant's," credibility was necessarily a "critical factor in jury's choice," and the defendant's prior burglary conviction was "highly probative" on the issue of credibility).

As outlined in the United States' Notice Pursuant to Federal Rule of Evidence 404(b), which seeks to admit the defendant's 2017 felony assault convictions, "the defendant's April 2016 assault of a male in New Town, North Dakota, is relevant to a material issue in the present case, namely, whether the defendant intentionally strangled Jane Doe and acted with malice aforethought by killing Jane Doe. Additionally, the defendant's prior intentional assault will be relevant to rebut any claim the defendant makes that he assaulted, strangled, and killed Jane Doe by mistake or accident, or in self-defense." (Doc. No. 14, pg. 2).

At trial, the United States anticipates that the jury will be asked to weigh and consider the testimony and credibility of law enforcement witnesses and that of the defendant, should he choose to testify. Therefore, if the defendant testifies, evidence of his prior felony convictions will be extremely probative as to his credibility because his prior felony convictions are for assault resulting in serious bodily injury and assault with a dangerous weapon, the same violations for which a grand jury has charged the defendant in Counts Three through Five of the Indictment. (Doc. No. 19). Such probative value would clearly outweigh any prejudicial effect because the factfinder will have to determine the credibility of the witnesses; including the defendant, if he chooses to testify. Therefore, as stated above, the defendant's prior felony convictions are relevant to the aforementioned case "because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Chauncey, 420 F.3d at 874; Brown, 956 F.2d at 787.

4

## CONCLUSION

Consequently, pursuant to Federal Rule of Evidence 609(a)(1)(B), should the defendant testify at trial, the United States intends to impeach the defendant with his 2017 convictions for Assault Resulting in Serious Bodily Injury and Assault with a Dangerous Weapon.

Dated: September 25, 2024.

                                MAC SCHNEIDER
                                United States Attorney

By:   */s/ Jonathan J. O'Konek*
       JONATHAN J. O'KONEK
       Assistant United States Attorney
       ND Bar ID 06821
       P.O. Box 699
       Bismarck, ND 58502-0699
       (701) 530-2420
       jonathan.okonek@usdoj.gov
       Attorney for United States