IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERICK COLIN WILKINSON,<br><br>Defendant. | Case No. 1:24-cr-00161<br><br>**UNITED STATES' NOTICE OF INTENT TO INTRODUCE BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 803(6) AND 902(11)** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Nick Baker, Assistant United States Attorney, hereby gives notice of its intent, under Rules 803(6) and 902(11) of the Federal Rules of Evidence, to introduce records of regularly conducted activity ("business records") without calling business record custodians, but instead through certifications complying with these rules, at the above-referenced trial.

## LAW AND ARGUMENT

At trial, pursuant to Federal Rules of Evidence Rules 803(6) and 902(11), the United States intends to introduce business record exhibits without calling business record custodians, as described and noted below, which satisfy hearsay exceptions and meet self-authenticating criteria.

Federal Rules of Evidence 803(6) and 902(11)

Federal Rule of Evidence 803(6) exempts records of regularly conducted activities from Rule 802's hearsay prohibition so long as the following conditions are met: (1) the records were made at or near the time by someone with knowledge; (2) the records were "kept in the course of a regularly conducted activity of a business, organization,

occupation, or calling"; and (3) making the records were regular practices of that activity. Moreover, Rule 803(6) permits a party to introduce records of regularly conducted activities in two ways: (1) through the testimony of a records custodian; or (2) by introducing a certification that complies with Rule 902(11).

Additionally, Federal Rule of Evidence 902(11) states that certified domestic records of regularly conducted activities are self-authenticating so long as the records comply with the requirements of Rule 803(6). Prior to trial, Rule 902(11) requires a party intending to admit records of regularly conducted activities through a certification to provide the adverse party with reasonable written notice of its intent to offer the record. Rule 902(11) requires that the moving party make these records and certifications available to the adverse party for inspection so that the adverse party has an opportunity to challenge their admission.

<u>Sixth Amendment Confrontation Clause</u>

"[B]usiness records under Federal Rule of Evidence 803(6) are not 'testimonial' for Confrontation Clause purposes." <u>United States v. Thompson</u>, 686 F.3d 575, 580 (8th Cir. 2012) <u>citing</u> <u>Melendez-Diaz v. Massachusetts</u>, 577 U.S. 305, 324 (2009); <u>Crawford v. Washington</u>, 541 U.S. 36, 56 (2004). <u>See</u> <u>also</u> <u>United States v. Mashek</u>, 606 F.3d 922, 930 (8th Cir. 2010) (holding that "[b]usiness records under Rule 803(6) are non-testimonial statements . . .[t]hus, the admission of the pseudoephedrine logs did not violate [the defendant's] constitutional confrontation rights.").

<u>United States' Requested Business Records</u>

Pursuant to Rules 803(6) and 902(11), the United States seeks to introduce business records into evidence via certifications, without calling a custodian of the records to testify about these records at trial. Notably, the United States has obtained records of regularly conducted activities along with certifications that comply with Rule 803(6) and 902(11) from the below listed entities. The United States previously provided the Defendant with these records, which comply with Rule 803(6) and 902(11) in discovery.

Per Rules 803(6) and 902(11), the attached certification permits the United States to introduce records of regularly conducted activities from the following entity:

I. <u>Verizon</u>:

1. **VERIZON Certification Statement Signed by Sarah Ferguson and Dated August 26, 2024** (Government's Exhibit 1; Bates No. 3508)

2. **VERIZON Records** (Bates Nos. 3495-3550, 3553-3554)

    a. <u>VERIZON records generally depict</u>:

        - Call detail records for cellular phones (TARGET PHONES) associated with Verizon numbers 701-XXX-1584 (Derick Wilkinson), 701-XXX-7918 (Alexia De La Cerda), and 701-XXX-1424 (Joseph Mountain). <u>See also</u> Bates Nos. 3551-3552 (Summary by FBI SA Bryanna Jones).

        - Network interactions to and from the three Verizon numbers / cellular phones and documented cell tower and cell sector ("cell sites") that served the three cellphones, as shown by the call detail records.

    b. Historical cell site analysis using VERIZON records:

        - Use of the VERIZON records to perform a historical cell site analysis shows the approximate locations of the TARGET PHONES at relevant time periods on August 8,

2024, through August 9, 2024, as depicted in FBI SA Randy Larkin's FBI Cellular Analysis Survey Team (CAST) Historical Mobile Device Location Analysis (Bates Nos. 4297-4309).

Dated: May 9, 2025.

                JENNIFER KLEMETSRUD PUHL
                Acting United States Attorney

By:   /s/ *Nick Baker*
       NICK BAKER
       Assistant United States Attorney
       ND Bar ID 08780
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       nick.baker@usdoj.gov
       Attorney for United States