IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERICK COLIN WILKINSON,<br><br>Defendant. | Case No. 1:24-cr-00161<br><br>**UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT FEDERAL RULES OF EVIDENCE 404(b)** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Nick Baker, Assistant United States Attorney, pursuant to Federal Rule of Evidence 404(b), hereby provides notice of its intent to offer at trial evidence of prior acts of domestic violence and assault by the Defendant (and his statements accompanying those acts) against A.H. that occurred between 2020 – 2023. *See* Bates Nos. 4286-4290.

## CHARGED CONDUCT[1]

On August 8, 2024, through on or about August 9, 2024, the Defendant and Jane Doe were in a dating relationship. At approximately 11:00 P.M. on August 8, 2024, as documented by video footage, the Defendant viciously assaulted Jane Doe by pushing Jane Doe to the ground, striking Jane Doe repeatedly with his hands and feet, hitting her with a chair and / or bookcase, assaulting her with a knife, and using his hands and / or arms to strangle her via application of force to the head and neck region. Early the next morning, law enforcement discovered the deceased body of Jane Doe inside a burned

---

[1] The United States anticipates that these facts will be proven at trial.

residence located at 5704 Bloody Knife Street in White Shield, North Dakota. The Defendant has since been indicted on various charges, including, among others, second-degree murder in Indian country in violation of 18 U.S.C. §§ 1111 and 1153, arson in Indian country in violation of 18 U.S.C. §§ 81 and 1153, assault with a dangerous weapon in Indian country in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and assault by strangulation of an intimate / dating partner in violation of 18 U.S.C. §§ 113(a)(8) and 1153.

## 404(b) CONDUCT AGAINST A.H. FROM 2020 – 2023

A.H. reported being in a romantic relationship with the Defendant from 2020 – 2023, including an approximately three-month period of marriage. Bates Nos. 4286-4287. A.H. reported the occurrence of frequent assaults during her relationship with the Defendant, including being punched with a closed fist, having objects thrown at her (including chairs), being struck with cords, and numerous instances of strangulation (20 – 30 times according to Amber's recollection). *Id*.

A.H. reported further that she had "blacked out" on several instances due to strangulation by the Defendant and had sustained bruising to her arms, neck, and eyes in addition to broken ribs and a dislocated jaw. Bates Nos. 4287; 4289. A.H. also recalled the Defendant telling her on one occasion that he thought she was dead due to him knocking her unconscious during one of the assaults and that he thought he was going to have to hide her body. Bates No. 4288. A.H. also indicated that she would be threatened by Defendant if she did not accept his apologies for the assaults, including threats that the

only way she could leave their relationship would be in a body-bag and with no teeth. Bates No. 4287.

## LAW AND ARGUMENT

"Federal Rule of Evidence 404(b) [prohibits the] use of a defendant's prior bad acts as character evidence but permits such evidence to prove other factors such as the defendant's motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident." [2] *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). "Rule 404(b) permits other-acts evidence to be offered for these purposes, as these are purposes separate and distinct from the impermissible purpose of showing propensity." *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006). "It is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *Johnson*, 439 F.3d at 952. (citing *United States v. Hill*, 410 F.3d 468, 471 (8th Cir. 2005)).

**I.   Evidence of Defendant Assaulting A.H. (a Former Romantic Partner) is Admissible Under Rule 404(b) as Evidence of Intent, Identity, Motive, and Lack of Mistake/Accident**

"To admit evidence under Rule 404(b), the evidence 'must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant

---

[2] Federal Rule of Evidence 404(b) provides: Evidence of any other crime, wrong, or act is not admissible to prove a person's character…to show that on a particular occasion the person acted in accordance with the character. The evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

3

committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value.'" *United States v. Farish*, 535 F.3d 815, 819 (8th Cir. 2008) (citing *Johnson*, 439 F.3d at 952); Fed.R.Ev. 403.

### A. Relevance to Material Issue(s)

The Defendant's prior acts of assault against A.H. (and some of his statements accompanying some of those assaults) from 2020 – 2023 are relevant to several material issues. First, Defendant's prior acts of assault on A.H. may be used to show his intent to kill, cause bodily harm to, and strangle Jane Doe on August 8-9, 2024; therefore, evidence of Defendant's prior acts of assault on A.H. are relevant to the material issues of whether Defendant intentionally strangled Jane Doe and whether he had acted with malice aforethought by killing Jane Doe. Additionally, the evidence of the prior acts of assault against A.H. will also be relevant to rebut any claim the Defendant makes that he assaulted, strangled, and killed Jane Doe by mistake or accident, or in self-defense. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("Evidence of past crimes can be probative of a defendant's intent to commit a similar act"); *see also United States v. Haukaas*, 172 F.3d 542, 544 (8th Cir. 1999) (holding that "[w]here intent is an element of the crime charged, evidence of other acts tending to establish that element is generally admissible" and that "the government was entitled to introduce the Rule 404(b) evidence to show an absence of mistake or accident and to rebut the claim of self-defense.").

Defendant's prior assaults upon A.H. (along with some of his statements accompanying those assaults) will also be useful to a jury in the present case when assessing whether the defendant had the intent to rid the scene of evidence. Thus, his

4

prior assaults (and some statements accompanying those acts) are also relevant to the material issue of whether he corruptly tampered with (or attempted to tamper with) evidence (e.g., Jane Doe's body) with intent to impair its availability or use in court. Specifically, Defendant's previous act of knocking A.H. unconscious and telling her he thought he had to hide her body because he believed her dead demonstrates a willingness to corruptly conceal evidence (i.e., a body) with intent to impair its integrity and availability for use in an official proceeding.

Second, evidence of Defendant's prior acts of assault (particularly his act of knocking A.H. unconscious and telling her he thought he had to hide her body for fear she had died) is also relevant to the material issue of whether he willfully and maliciously set fire to 5704 Bloody Knife Street. It is relevant to that issue because it shows Defendant's motive and plan to set fire to the residence to destroy evidence of his involvement in Jane Doe's death, as burning is a common method of tampering with evidence by concealing it through its destruction. *See United States v. Crow Ghost*, 79 F.4th 927, 935 (8th Cir. 2023) ("Rule 404(b) allows prior act evidence to establish **motive**."). Further, by showing Defendant's motive for burning 5704 Bloody Knife Street, the evidence may also be used to show identity; namely, that it was Defendant who set fire to and burned 5704 Bloody Knife Street and not some other person. *See Farish*, 535 F.3d at 820 (upholding the admission of domestic abuse evidence to prove motive for the charged offense of arson). Evidence of one thing (motive) in effect also serves as evidence of the other (identity).

> B. *The Defendant's Prior Acts of Assault on A.H. From 2020 - 2023 Are Similar in Kind and Time to the Defendant's Conduct Supporting the Current Charged Offenses*

Defendant's prior acts of assault on A.H. from 2020 – 2023 that the United States seeks to admit as evidence of Defendant's intent, motive and plan, and identity are similar in kind and time to the Defendant's August 8-9, 2024, conduct giving rise to the current charges.

The 404(b) conduct of the Defendant sought to be introduced by the United States (i.e., the Defendant's prior acts of assault on and accompanying statements to A.H. from 2020 - 2023) is similar in kind to his August 8-9, 2024, conduct in the following ways:

- Just as Defendant and Jane Doe were in a dating relationship during the August 8-9, 2024, incident, the Defendant and A.H. were in a dating relationship (from about 2020 – 2023) when Defendant assaulted her on numerous occasions.

- Just as Defendant's assault on Jane Doe on August 8-9, 2024, involved closed fist strikes, Defendant's prior acts of assault on A.H. from 2020 – 2023 involved strikes with a closed fist. Bates No. 4286.

- Just as Defendant used household furniture items, like chairs, to assault Jane Doe on August 8-9, 2024, A.H. reported Defendant would use chairs to assault her during their relationship from 2020 – 2023. *Id.*

- Assault by strangulation – Just as Defendant repeatedly strangled Jane Doe on August 8-9, 2024, A.H. indicated that Defendant had strangled her on

numerous occasions during their relationship from 2020 – 2023 and that lost consciousness during some of those instances. Bates No. 4287.

- Clean-up after assault – Just as Defendant ordered Jane Doe to clean up the mess in the home caused by his assault on her on August 8-9, 2024, A.H. reported that she had "blacked out" during one of Defendant's assaults on her and that when she "came to," she was holding a broom in the kitchen. Bates Nos. 353 at 2:38; 4286.

Eighth Circuit precedent notes that "prior acts need not be duplicates of the one for which the defendant is now being tried because the admissibility of other crimes evidence depends on the nature and purpose of the evidence." *Crow Ghost*, F.4th at 935 (citing *United States v. Mora*, 81 F.3d 781, 783 (8th Cir. 1996)). Regarding evidence of motive, "[the 8th Circuit] has explained that 'the similar-in-kind requirement is less important when the evidence is used to establish motive.'" *Id.*

Although the 2020 - 2023 conduct of the Defendant against A.H. does not present facts completely "identical" to his August 8-9, 2024, conduct that gave rise to his current charges, it need not do so. *Id.* The overall nature of Defendant's prior assaults on A.H. from 2020 – 2023 bears close resemblance to Defendant's August 8-9, 2024, assault of Jane Doe for several reasons: the existence of a romantic relationship, the use of closed fist strikes, the use of chairs, the repeated use of strangulation, and the appearance of forced clean-up efforts following the assaults. Further, Defendant's prior assaults on A.H. (and some statements accompanying some of those assaults) are being offered for

purposes unrelated to the impermissible purpose of showing mere propensity of Defendant to commit violent crimes; therefore, the Defendant's prior assaults (and statements accompanying some of those assautls) are admissible under Rule 404(b), as the analysis herein also shows that the probative value of the prior acts are not "substantially outweighed" by a risk of unfair prejudice. Neither is timing an issue, as Defendant's relationship with A.H. lasted until 2023 (only about one year before his August 8-9, 2024, conduct toward Jane Doe). *See Johnson*, 439 F.3d at 953 (citing *United States v. Wint*, 974 F.2d 961, 967 (8th Cir. 1992)) ("Evidence of an offense committed within the previous five years is reasonably close in time.")

### C. The Defendant's Prior Acts of Domestic Violence from About 2020 - 2023, Are Supported by Sufficient Evidence

The Defendant's prior acts of assaulting A.H. (and some of his statements accompanying some of those assaults) is supported by sufficient evidence. A.H.'s testimony about the assaults and accompanying statements would be based on her first-hand knowledge of such through her approximately four-year dating relationship with Defendant.

### D. The Probative Value of the Defendant's Prior Acts of Domestic Violence and Assault From About 2020 – 2023 Are Not Substantially Outweighed by Unfair Prejudice

Although the Defendant's prior assaults on and accompanying statements to A.H. from 2020 – 2023 are certainly prejudicial, the probative value of the evidence is not "substantially outweighed" by its prejudicial effect. *See Farish*, 535 F.3d at 820 ("For evidence to be inadmissible under 404(b), its probative value must be *substantially*

outweighed by its unfair prejudice.") (emphasis added). Evidence of Defendant's prior assaults on and accompanying statements to A.H. are relevant to and highly probative of the Defendant's intent on August 8-9, 2024, as well as his identity as the person who willfully and maliciously burned 5704 Bloody Knife Street and his motive for doing so. Indeed, "[i]f the evidence is necessary to explain the defendant's *motive* for committing the charged offense[s], [the 8th Circuit] has held that the probative value is not substantially outweighed by unfair prejudice." *Crow Ghost*, 79 F.4th at 935–36 (emphasis added) (citing *Farish*, 535 F.3d at 820 ("upholding the admission of domestic abuse to prove motive for the charged offense of arson").

Further, and significantly, the anticipated testimony, though graphic, would still be quite subdued in comparison to the Wyze Camera videos depicting Defendant's August 8-9, 2024, onslaught on Jane Doe that the United States expects to use during its case-in-chief. Also, any unfair prejudice will be further ameliorated by appropriate limiting instructions, which the United States will request. *See Farish*, 535 F.3d at 820 (finding that the limiting instruction provided to the jury cured whatever unfair prejudice resulted from introducing prior acts of domestic abuse).

## **CONCLUSION**

Because Defendant's prior assaults on A.H. (and some of his accompanying statements) are probative of his identity (as to arson), intent (to kill, to cause bodily harm, to burn a structure, to impair the integrity/availability of evidence) – as well as his motive and plan to commit arson to destroy/conceal evidence so that its integrity/availability for use in official proceedings is impaired – the United States intends to introduce the prior

acts through testimony from A.H. The United States further intends to introduce the prior acts because they also rebut claims of mistake, accident, or self-defense. <u>The United States will request that the Court issue appropriate limiting instructions on what the jury may use the evidence to evaluate.</u>

Dated: June 17, 2025.

                                      JENNIFER KLEMETSRUD PUHL
                                      Acting United States Attorney

By:   */s/ Nick Baker*
        NICK BAKER
        Assistant United States Attorney
        ND Bar ID 08780
        P.O. Box 699
        Bismarck, ND  58502-0699
        (701) 530-2420
        nick.baker@usdoj.gov
        Attorney for United States